IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| DIAL SINGH, ) | |
| ) | |
| Petitioner ) | |
| ) | |
| v. ) | CASE NO. 4:12-cv-2622-IPJ-PWG |
| ) | |
| ERIC HOLDER, JR., Attorney General, et al. ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM OPINION

This is an action on a petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 by Dial Singh (the "petitioner"), who claims that he is being illegally detained by the respondents pending his removal from the country and that he is due to be released from custody. The respondents have filed a motion to dismiss this matter as being moot. (Doc. 3). Upon consideration, it is recommended that the respondents' motion to dismiss is due to be granted.

In support of their motion to dismiss, the respondents have filed a copy of an unsworn declaration made pursuant to 28 U.S.C. § 1746 by the Supervisory Detention and Deportation Officer of the U.S. Immigration and Customs Enforcement facility in Gadsden, Alabama. (Doc. 3 Exh. 1). In that declaration it is asserted that the petitioner was released under an order of supervision on August 15, 2012. (*Id.*) As a result of such, the petitioner's habeas claim for release under an order of supervision or for repatriation is moot. *See Nyaga v. Ashcroft*, 323 F.3d 906, 913 (11th Cir. 2003) ("a case must be dismissed as moot if the court can no longer provide 'meaningful relief'").

Based on the foregoing, the government's motion to dismiss this action as moot (Doc. 3) is due to be GRANTED. A separate final order will be entered.

**DONE**, this the 22nd day of August 2012.

_____
INGE PRYTZ JOHNSON
U.S. DISTRICT JUDGE